UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAMELA CLAYTOR,<br>    *Plaintiff*,<br><br>    v.<br><br>ROBERT L. WILKIE, SECRETARY OF<br>THE UNITED STATES DEPARTMENT OF<br>VETERANS AFFAIRS<br>    *Defendant.* | No. 3:19-cv-01363 (VAB) |

**RULING AND ORDER ON MOTION TO DISMISS**

Pamela Claytor ("Plaintiff") brings a discrimination claim against Robert L. Wilkie, Secretary of the United States Department of Veterans Affairs, ("Defendant") under Title VII of the Civil Rights Act. Compl., ECF No. 1 (Sept. 3, 2019).

Secretary Wilkie has moved to dismiss Ms. Claytor's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Def. Mot. to Dismiss, ECF No. 14 (Nov. 27, 2019).

For the following reasons, the motion to dismiss is **DENIED**.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

    A.   **Factual Allegations**

Pamela Claytor, an African American woman and a veteran, employed as a GS-6 Claims Assistant for the Hartford, Connecticut Veterans Affairs ("VA") Regional Office, and works out of the VA Hospital in Newington, Connecticut. Compl. ¶ 3–6.

On December 8, 2017, Ms. Claytor received a "Fully Successful" performance rating by a white, male supervisor. *Id.* ¶ 7. She alleges that she was entitled to an "Exceptional" rating and

1

that the performance rating she received has limited her "financial and promotional opportunities." *Id.* ¶ 7–8.

At the same time, Ms. Claytor's supervisor allegedly issued a white, male co-worker a rating of "Exceptional." *Id.* ¶ 9. She alleges that this co-worker performed at a lower standard than she did and was disciplined for being absent from work the month before the evaluations. *Id.* Before these evaluations, Ms. Claytor alleges that she received more complex work assignments than her white, male co-worker. *Id.* at ¶ 10.

### B. Procedural History

Before filing suit, Ms. Claytor filed a complaint of employment discrimination with the Office of Employment Discrimination of the Department of Veterans Affairs. *Id.* ¶ 5.

On July 17, 2019, the Department of Veteran Affairs issued a Notice of Final Agency Decision. *Id.*

On September 3, 2019, Ms. Claytor filed this Complaint against Robert L. Wilkie in his capacity as Secretary of the United States Department of Veterans Affairs, claiming that the VA had discriminated against her based on race and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq. Id.*

On November 27, 2019, Secretary Wilkie moved to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6). Def. Mot. to Dismiss.

On August 28, 2020, the Court held a motion hearing on Defendant's motion to dismiss. Minute Entry, ECF No. 26 (Aug. 28, 2020).

## II. STANDARD OF REVIEW

To survive a motion to dismiss under 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy*

*v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

**III.   DISCUSSION**

In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the Supreme Court established a burden-shifting framework to evaluate claims of employment discrimination and outlined the elements of a prima facie case. Consistent with this decision, in the Second Circuit, a plaintiff must show (1) she is a member of a protected class; (2) she was qualified for her

position; (3) she suffered an adverse employment action; and (4) there is "at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn v. City of N. Y.*, 795 F.3d 297, 311 (2d Cir. 2015). A plaintiff's burden for establishing a prima facie case is *de minimis*. *Woodman v. WWOR–TV, Inc.*, 411 F.3d 69, 76 (2d Cir. 2005) ("We have characterized plaintiff's prima facie burden as 'minimal' and '*de minimis*.'" (citing *Zimmermann v. Assocs. First Capital Corp.*, 251 F.3d 376, 381 (2d Cir. 2001)).

In the initial pleading stage of litigation for a Title VII employment discrimination claim, "allegation of facts supporting a minimal plausible inference of discriminatory intent suffices . . . because this entitles the plaintiff to the temporary presumption of *McDonnell Douglas* until the defendant furnishes its asserted reasons for its action against the plaintiff." *Doe v. Columbia Univ.*, 831 F.3d 46, 55 (2d Cir. 2016); *see also Dawson v. N.Y. City Transit Auth.*, 624 F. App'x 763, 770 (2d Cir. 2015) (summary order) ("At the pleading stage, district courts would do well to remember th[e] exceedingly low burden that discrimination plaintiffs face . . . .").

For a Title VII discrimination claim to survive a motion to dismiss, a plaintiff must establish in her complaint a prima facie case of discrimination. The plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) there is "at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn*, 795 F.3d at 311. The allegations need not, however, give "plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination." *Id.*; *Id.* at 307 ("[T]he Supreme Court ruled [in *McDonnell Douglas*] that, in the initial phase of the case, the plaintiff can establish a prima facie case without evidence sufficient to show discriminatory motivation.").

Defendant does not contest that Ms. Claytor satisfies the first two requirements: Ms.

Claytor is an African American woman and therefore a member of a protected class. Compl. ¶ 3. Ms. Claytor also plausibly demonstrates that she was qualified for her position. She has been employed by the VA Regional Office for many years and received a "Fully Successful" performance evaluation. *Id.* at ¶ 6–7. The third prong, however, is at issue. Secretary Wilkie argues that Ms. Claytor has failed to demonstrate that she experienced the required adverse employment action.

Ms. Claytor argues that the evaluation rating of "Fully Successful" rather than "Exceptional," was an adverse employment action because the negative evaluation impacted her "financial and promotional opportunities." Compl. ¶ 8.

Secretary Wilkie argues that the "Fully Successful" employment evaluation was not negative and that even if it were, it does not rise to the level of an adverse action without "accompanying adverse consequences." Def. Mot. Dismiss 8.

The Court disagrees.

"[A] plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (quoting *Galabya v. N.Y. City Bd. Of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000)). "An adverse employment action is one which is more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.* (citing *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003)). "Examples of materially adverse changes include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." *Id.*; *see also Jaeger v. N. Babylon Union Free Sch. District*, 191 F. Supp. 3d 215, 227 (E.D.N.Y. 2016) ("Rather, for a challenged employment action to be

6

deemed 'adverse' under the law, it must objectively alter for the worse the terms and conditions of a plaintiff's employment."). However, "adverse employment actions are not limited to pecuniary emoluments. Lesser actions such as negative employment evaluation letters may also be considered adverse." *Treglia v. Town of Manlius*, 313 F.3d 713, 720 (2d Cir. 2002) (internal citations and quotation omitted) (citing *Preda v. Nissho Iwai Am. Corp.,* 128 F.3d 789, 791 (2d Cir.1997); *Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir. 1999)).

"A poor performance evaluation is not by itself an adverse employment action, but if an evaluation has some 'material impact, such as an effect on plaintiff's promotion opportunities or pay,' it can qualify." *Daniels v. Connecticut*, No. 3:12–cv–0093 (VAB), 2015 WL 4886455, at *9 (D. Conn. Aug. 17, 2015) (quoting *Bowen-Hooks v. City of N. Y.*, 13 F.Supp.3d 179, 317 (E.D.N.Y. 2014)). In *Daniels*, a "Fully Successful" performance rating became an adverse action when (1) the employee had consistently received a higher performance rating before the "Fully Successful" rating and (2) the performance evaluation rating is used as a metric for determining promotions. *Id.*

Here, Plaintiff has alleged a negative evaluation with financial and advancement consequences. Given the "exceedingly low burden" required of plaintiffs at the pleading stage, *see Dawson*, 624 F. App'x at 770, the assertion of an action by her employer (the negative evaluation) and the assertion of its "material impact" (the effect on her financial and promotional opportunities) are sufficient to meet the adverse action requirement at this stage of the case. *See Littlejohn*. 795 F.3d at 311 ("[W]hat must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent.").

7

Ms. Claytor also has made a showing of "at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Id.* "[T]he evidence necessary to satisfy the initial burden of establishing that an adverse employment action occurred under circumstances giving rise to an inference of discrimination is minimal." *Id.* at 313 (internal quotations and corrections omitted) (citing *Zimmermann,* 251 F.3d at 381). "To allege the requisite discriminatory intent, a plaintiff may allege 'facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination.'" *Levy v. Legal Aid Soc'y*, 408 F. Supp. 3d 209, 214 (E.D.N.Y. 2019) (quoting *Vega*, 801 F.3d at 87). Indirect evidence may include "evidence that similarly situated comparators outside of Plaintiff's protected class were treated more favorably than Plaintiff." *Id.* (citing *Littlejohn*, 795 F.3d at 312). "In cases such as this, courts generally will look to whether a plaintiff and his comparators were (1) 'subject to the same performance evaluation and discipline standards' and (2) 'engaged in comparable conduct.'" *Id.* (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000)).

Ms. Claytor alleges that her white, male supervisor gave her a negative employment evaluation, while giving a white, male co-worker a higher evaluation despite his alleged disciplinary issues and worse performance. *See* Compl. ¶ 7–9 (alleging that the white, male supervisor, who gave her the "Fully Successful" performance rating, gave her white, male co-worker an "Exceptional" performance rating despite this co-worker allegedly performing below the standard of the plaintiff and being "disciplined as AWOL only a month previously."). These allegations are sufficient at this stage of the case. *Cf. Littlejohn*, 795 F.3d at 313 (finding "factual allegations are more than sufficient to make plausible her claim that her demotion occurred under circumstances giving rise to an inference of discrimination," where African American employee

alleged being replaced by white employee less qualified than her).

Accordingly, Secretary Wilkie's motion to dismiss will be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **DENIED**.


**SO ORDERED** at Bridgeport, Connecticut, this 28th day of August, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE